## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | CASE NO. 12-05806-MCF |
| **RAFAEL CASTRO BERETTA** <br> **MARIA M. DONES SANDOVAL** | CHAPTER 13 |
| **DEBTORS** | |

### DEBTOR'S SUPLEMENT TO MOTION TO CANCEL LIEN

**TO THE HONORABLE COURT:**

**COME NOW** Debtors represented by the undersigned attorney, and very respectfully ALLEGE, STATE and PRAY, as follows:

1. Debtor(s), Rafael Castro Beretta and Maria M. Dones Sandoval filed for bankruptcy on July 22, 2012. A plan was confirmed on 9-21-2012.

2. On 2/2/2017 debtor's filed a Motion to Cancel Lien moving the court to cancel a registered lien in favor of Asociacion de Residentes El Alamo Inc over debtor's residence. **The substantive grounds to provide for the cancellation are as follows:** .

3. Section 1327 of the Bankruptcy Code reads as follows:

    **(a)** The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

    **(b)** Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

    **(c)** Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

(a) Section 1327 of the Bankruptcy Code is titled *Effects of Confirmation*. It pertains to the legal effects of the confirmation of a Chapter 13 Payment Plan, such as the Chapter 13 Plan that was confirmed on 9-21-2012 in the present case. Section 1327(a), 11 USC § 1327(a), states that, "The provisions of a confirmed plan **_bind the debtor and each creditor_**, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."

(b) Courts have consistently held that the confirmation of a Chapter 13 Plan has a *res judicata* effect on the rights and obligations of the parties in interest. According to said principle, in *In re Torres Martínez* the Court ruled that,

> Pursuant to § 1327(a),[7] the provisions of a confirmed plan are binding on the debtor and all creditors. *See* 11 U.S.C. § 1327(a). A leading bankruptcy authority has said that "the order confirming a chapter 13 plan represents a binding determination of the rights and liabilities of the parties as ordained by the plan," 8 Collier on Bankruptcy, ¶ 1327.02, at 1327-3 (15th ed.1998), and that it is "quite clear that the binding effect ... extends to any issue actually litigated by the parties and any issue necessarily determined by the confirmation order." *Id.* at 1327-5.

*In re Torres Martínez*, 397 B.R. 158, 165 (Bankr. App. 1st Cir. 2008). See also *In re Burrell*, 346 B.R. 561, 569 (Bankr. App. 1st Cir. 2006), and *Hamilton v. Lanning*, 130 S.Ct. 2464.

4. Debtors' confirmed plan (docket # 5) provides for the payment in full of the secured claim filed by asoc cond Urb El Alamo and Parkville.

### Effect of Bankruptcy on Secured Claims

5. The general rule that a bankruptcy filing by a borrower does not affect the enforceability of a security interest in collateral has been part of U.S. bankruptcy jurisprudence for well over a century. See Long v. Bullard, 117 U.S. 617 (1886); accord Dewsnup v. Timm, 502 U.S. 410, 417 (1992) ("the creditor's lien stays with the real property until the foreclosure"); Farrey v. Sanderfoot, 500 U.S. 291, 297 (1991) ("Ordinarily, liens and other secured interests survive bankruptcy."); Johnson v. Home State Bank, 501 U.S. 78, 84 (1991) ("[A] bankruptcy discharge extinguishes only one mode of enforcing a claim—

namely, an action against the debtor in personam—while leaving intact another—namely, an action against the debtor in rem.").

6. The Bankruptcy Code contains certain exceptions to this default rule (see, e.g., 11 U.S.C. §§ 1141(c), 1227(c), and 1327(c)). For example, section 1141(c) provides as follows: Except as provided in subsections (d)(2) [debts of individual debtors excepted from discharge under section 523] and (d)(3) [denial of discharge for liquidating corporations] of this section _**and except as otherwise provided in the plan or in the order confirming the plan, after confirmation of a plan, the property dealt with by the plan is free and clear of all claims and interests of creditors, equity security holders, and of general partners in the debtor. With respect to liens and security interests, section 1141(c) means that "unless the plan of reorganization, or the order confirming the plan, says that a lien is preserved, it is extinguished by the confirmation. (emphasis added)**_" In re Penrod, 50 F.3d 459, 463 (7th Cir. 1995); accord JCB, Inc. v. Union Planters Bank, NA, 539 F.3d 862 (8th Cir. 2008). But see Bowen v. United States (In re Bowen), 174 B.R. 840 (S.D. Ga. 1994) (holding that a "lien" is not an "interest" within the meaning of section 1141(c); any release of a lien must rely on section 506(d)); see also 11 U.S.C. §§ 1123(a)(5) (a chapter 11 plan must "provide adequate means for the plan's implementation, such as . . . (D) sale . . . either subject to or free of any lien [or] (E) _**satisfaction**_ or modification of any lien") and 1123(b)(5) (a plan may "modify the rights of holders of secured claims")

7. In Penrod—apparently the first court to add the participation gloss to section 1141(c)—the debtor's chapter 11 plan made provision for payment of a secured claim, but neither the plan nor the order confirming it provided whether the lien would be extinguished.

Acknowledging the "old saw" that liens pass through bankruptcy unaffected, the Seventh Circuit nevertheless concluded that "when lienholders participate in a bankruptcy proceeding, and especially in a reorganization, they know that their liens are likely to be affected, and indeed altered." It ruled that liens are "interests" covered by section 1141(c) and that "unless the plan of reorganization, or the order confirming the plan, says that a lien is preserved, it is extinguished by the confirmation . . . [,] provided, we emphasize, that the holder of the lien participated in the reorganization." In Elixir Indus., Inc. v. City Bank & Trust Co. (In re Ahern Enterprises, Inc.), 507 F.3d 817 (5th Cir. 2007), the Fifth Circuit held that four conditions must be met for a lien to be voided under section 1141(c): (i) the plan must be confirmed; (ii) the collateral must be dealt with by the plan; (iii) the lien holder must participate in the reorganization; and (iv) the lien must not be preserved under the plan. Other courts have similarly required secured creditor participation in the case as a condition to lien extinguishment under section 1141(c). See, e.g., Airadigm Communications, Inc. v. FCC (In re Airadigm Communications, Inc.), 519 F.3d 640 (7th Cir. 2008); FDIC v. Union Entities (In re Be-Mac Transport Co.), 83 F.3d 1020 (8th Cir. 1996); Penrod, 50 F.3d at 463; Exide Techs. v. Enersys Delaware, Inc. (In re Exide Techs.), 2013 BL 5423 (Bankr. D. Del. Jan. 8, 2013); In re Omega Optical, Inc., 476 B.R. 157 (Bankr. E.D. Pa. 2012). Although the four-part Ahern test has been adopted in one form or another by many other courts, relatively few courts have examined the "participation" element of the test. See, e.g., Ahern, 507 F.3d at 823 (filing a proof of claim as an unsecured priority claim constitutes participation); In re Regional Bldg. Systems, Inc., 254 F.3d 528 (4th Cir. 2001) (participation was found where the creditor sat on the unsecured creditors' committee and filed proof of an unsecured claim, yet

failed to object to confirmation of the plan after the realization of settlement proceeds that would have rendered its claim partially secured); Omega Optical, 467 B.R. at 165 (to the extent that participation is required by section 1141(c), filing a proof of claim and entering a notice of appearance of counsel constitute participation); Greater American Land Resources, Inc. v. Town of Brick, 2012 BL 122346 (D.N.J. May 17, 2012) (finding no participation where the creditor taxing authority did not file a proof of claim, and the plan neither listed nor treated the tax claim); In re WorldCom, Inc., 382 B.R. 610 (Bankr. S.D.N.Y. 2008) (the secured creditor participated by filing a proof of claim).

8. In the case at hand, it is clear that debtor plan (a) was confirmed; (b) the collateral was dealt with by the plan providing adequate means for the plan implementation ***by the satisfaction in full of the mentioned lien***; (c) the lien was not preserved under the plan and (d) the lien holder participated in the reorganization; by filling a proof of claim, claiming their payment and filling and extension of time to reply to the motion to cancel lien without ever filling a response. **(dkt 126 and 136)**

9. Furthermore, if Asociacion de residents's lien is left encumbering their principal residence in spite of the fact that a request for the cancellation of such lien has been made and the lien ***have been paid in full*** this case would result in a failure of justice because an unsecured creditor would have a lien encumbering a property of the bankruptcy estate.

10. Accordingly, debtors request this Honorable Court to grant debtors motion to cancel lien and provide accordingly with any other remedies this Court deems appropriate.

11. RESPECTFULLY SUBMITTED,

   CERTIFICATE OF SERVICE

I certify a copy of this motion was filed using the CM/ECF system which will notify the chapter 13 Trustee, Jose R. Carrion. I also certify copy of this motion was sent by US Postal Service, by first class mail, to Asociacion de Residentes EL Alamo Inc., Urb El Alamo, Calle Monterey, C-25, Guaynabo, PR. 00969.

In San Juan, Puerto Rico, this April 24, 2017

/s/ Hector Velazquez Hernandez
USDCPR 208313
P.O. BOX 360847
SAN JUAN, PR 00924
TEL. 787-296-4595
FAX. 787-296-9116
Email: velazquezlawpr@gmail.com

CASTRO BERETTA, RAFAEL A
PO BOX 2756
GUAYNABO, PR  00970

LCDO. OSVALDO L. RODRIGUEZ FERNANDEZ
PO BOX 71418
SAN JUAN, PR  00936-8518

SANTANDER FINANCIAL - ISLAND FINANCE
PO BOX 195369
SAN JUAN, PR  00919-5369

DONES SANDOVAL, MARIA M
PO BOX 2756
GUAYNABO, PR  00970

LOWNDES, DROSDICK, PSC
215 NORTH EOLA DRIVE PO BOX 2809
ORLANDO, FL  32802-2809

URB EL ALAMO Y PARKVILLE TERRACE
295 PALMAS INN WAY
SUITE 130 PMB 362
HUMACAO, PR  00791

Hector Velazquez Hernandez Law Firm
PO BOX 360847
SAN JUAN, PR  00936-0847

NCO
507 PRUDENTIAL
HORSHAM, PA  19044

VERIZON WIRELESS
PO BOX 70367
SAN JUAN, PR  00936-8367

CICA COLLECTION AGENCY INC
PO BOX 12338
SAN JUAN, PR  00914-0338

OAK PLANTATION CONDOMINIUM
DOCUMENT ADMINISTRATION DEPARTMENT
8801 VISTANA CENTRE DRIVE
ORLANDO, FL  32821

CITIFINANCIAL
PO BOX 499
HANOVER, MD  21076

OAK PLANTATION CONDOMINIUM
4100 ENCHANTED OAKS CIRCLE
KISIMME, FL  34741

CREDIT PROTECTION ASSOC
13355 NOEL RD STE 2100
DALLAS, TX  75240

OAK PLANTATION JOINT VENTURE
PO BOX 22197
LAKE BUENA VISTA, FL  32830

DEPARTAMENTO DE HACIENDA DE PR
BANKRUPTCY SECTION (SUITE 1504)
235 AVE ARTERIAL HOSTOS
SAN JUAN, PR  00918-1454

ONE LINK COMMUNICATIONS
PO BOX 192296
SAN JUAN, PR  00919-2296

DEPARTMENT OF JUSTICE OF PR
FEDERAL LITIGATION DIVISION
PO BOX 9020192
SAN JUAN, PR  00902-0192

OPERATING PARTNERS, CO. INC.
250 MUNOZ RIVERA AVE., SUITE 1200
SAN JUAN, PR  00918

DORAL BANK
PO BOX 70308
SAN JUAN, PR  00936-8308

PR ACQUISITIONS, LLC
250 MUNOZ RIVERA AVE SUITE 1200
SAN JUAN, PR  00918

DORAL FINANCIAL CORP
PO BOX 29426
RIO PIEDRAS, PR  00929-0426

PUERTO TICO TELEPHONE CO
PO BOX 70239
SAN JUAN, PR  00936-0239